IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE BRUNSON** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 25-CV-7361 |
| | : | |
| **JUDGE JOHN J. WHELAN**, *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                              JANUARY 7, 2026

Currently, before the Court are a Complaint (ECF No. 2), Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3), and Emergency Motion for Appointment of Counsel (ECF No. 7), filed by *pro se* Plaintiff Terrance Brunson. For the reasons set forth, Brunson's Complaint is dismissed with prejudice and his two Emergency Motions are denied.

**I.    FACTUAL ALLEGATIONS**[1]

Brunson seeks injunctive and declaratory relief related to a state court landlord-tenant matter, naming as Defendants the judge who presided over his case, the Delaware County Sheriff, and the plaintiffs in the landlord-tenant case. (*See generally* Compl.) In the complaint, he asserts that "the Delaware County Court of Common Pleas issued an eviction order on November 6, 2025, requiring Plaintiff to vacate his residence by December 21, 2025, despite the court lacking subject

---

[1] The facts set forth in this Memorandum are taken from the Complaint. (ECF No. 2.) The factual allegations and legal arguments in Brunson's *Motion for Temporary Restraining Order and Preliminary Injunction* largely mirror the allegation in the Complaint. (*See generally* ECF No. 3.) The Court also takes judicial notice of the docket for the lawsuit underlying Brunson's claims. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006). Where appropriate, the Court corrects Brunson's characterization of the underlying state court landlord-tenant proceedings. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

matter jurisdiction over the matter." (*Id.* ¶ 2.) He contends that the Court of Common Pleas lacked jurisdiction to rule in his case because "[u]nder Pennsylvania Law, Magisterial District Judge courts have exclusive jurisdiction over landlord-tenant matters" and, therefore, the eviction order was void *ab initio*. (*Id.* ¶ 3.)

Brunson also alleges that in 2024, Defendant PF Hillside Manor LP ("Hillside Manor") filed landlord-tenant proceedings against him in Magisterial District Court, in case MJ-32122-LT-0000114-2024.[2] (*Id.* ¶ 19.) On August 22, 2024, the presiding Magisterial District Judge in Brunson's case issued an eviction order. (*Id.* ¶ 20.) Brunson timely appealed the order to the Delaware County Court of Common Pleas. (*Id.* ¶ 21.) While the appeal was pending, Brunson alleges that PF Hillside Manor filed a new action against Brunson in the Delaware County Court of Common Pleas ("CCP"), which was assigned to Judge John Whelan under case number CV 2024-7533.[3] (*Id.* ¶¶ 23-25.) Brunson alleges that the CCP "convert[ed]" his appeal of the eviction order into a new "landlord-tenant/ejectment" case originating in the CCP. (*Id.* ¶¶ 24, 27.) He contends this was improper for two reasons: (1) because the new case effectively superseded his existing case then on appeal before the CCP; and (2) because he claims the CCP lacks original jurisdiction over landlord-tenant matters generally. (*Id.* ¶¶ 22D, 26-28.) On October 14, 2025,

---

[2] While Hillside Manor initially filed a landlord-tenant action corresponding to this case number on April 10, 2024, the case was withdrawn on May 9, 2024. *See Hillside Manor Apartments v. Terrance Brunson Jr.*, MJ-32122-LT-0000114-2024 (M.J. Delaware). Hillside Manor and Chaim Puretz Gen PTR filed a separate landlord-tenant action against Brunson in the same magisterial district court on August 13, 2024, which resulted in the August 22, 2024 eviction order underlying Brunson's claims. *See Hillside Manor LP, Chaim Puretz Gen PTR v. Terrance Brunson*, MJ-32122-LT-0000238-2024 (M.J. Delaware).

[3] A review of the docket for case number CV 2024-007533 reflects that the case was in fact initiated upon Brunson filing a notice of appeal in the magisterial district court, rather than upon Defendants' filing of a new complaint. *See Hillside Manor LP, Chaim Puretz Gen PTR v Terrance Brunson*, CV 2024-007533 (C.P. Delaware).

Brunson filed a motion in CV 2024-7533, arguing that the court lacked subject matter jurisdiction, but the court did not rule on his motion.[4]  (*Id*. ¶¶ 30-32.)  Brunson argues that "converting" his appeal into an original landlord-tenant matter was improper for the additional reason that he raised several "property-based defenses" to the eviction order that could not be addressed in a summary landlord-tenant proceeding, including his claims to have adversely possessed the subject property and that Defendants have waived their rights to the property under the doctrine of laches by failing for more than 13 years to challenge Brunson's possession of the property.  (*Id*. ¶¶ 33A-33Q.)  On November 6, 2025, following a non-jury trial, Judge Whelan issued an order requiring Brunson to vacate the premises by December 21, 2025.  (*Id*. ¶ 35 & Exh. B.)  The order did not provide any explanation for the decision.  (*Id*. ¶ 35A.)  Brunson claims this order was void *ab initio* because the CCP lacked subject matter jurisdiction over the case.  (*Id*. ¶ 36.)

Brunson further contends that Judge Whelan's November 6, 2025 order directing him to vacate the property is void for the additional reason that CV 2024-7533 was stayed on April 7, 2025 by order of the prior state court judge presiding over the case, which precluded any orders being issued in the matter and that stay was never lifted.[5]  (*Id*. ¶¶ 38-60.)  Brunson appealed Whelan's November 6, 2025 Order to the Pennsylvania Superior Court, which remains pending as of January 5, 2026.  *See Hillside Manor LP, Chaim Puretz Gen PTR vs. Terrance Brunson*, 2882 EDA 2025 (Pa. Super. Ct.).  The Superior Court denied Brunson's request for a stay on December

---

[4]  A review of the state court docket reflects that the court denied at least two prior motions in which Brunson raised the same objections to the court's jurisdiction (in orders dated April 7, 2025 and September 11, 2025). *See Hillside Manor LP*, CV 2024-007533. Brunson continued to file similar motions, including the one on October 14, 2025, despite the court ordering him multiple times to cease doing so. *See generally id.*

[5]  Brunson's characterization of the April 7, 2025 Order, which he attaches as Exhibit A to the Complaint, is incorrect.  As is apparent from the text of the Order, Judge Pagano did not grant Brunson's request for a stay.

22, 2025.  (*Id.*)  He also filed a King's Bench petition and a request for an emergency stay to the Pennsylvania Supreme Court, which were denied on December 29, 2025.  (Compl. at 55.)

Based on the above allegations, Brunson asserts a Fourteenth Amendment due process claim and seeks a declaratory judgment that the actions of the Delaware County Court of Common Pleas and its orders are void for lack of subject matter jurisdiction, as well as an injunction prohibiting his eviction.  (*Id.* ¶¶ 76-92.)

## II.   STANDARD OF REVIEW

The Court previously granted Brunson leave to proceed *in forma pauperis*.  Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the complaint if it fails to state a claim.  The Court must determine whether the Brunson's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court also construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  This requires the Court to remain flexible, especially considering a litigant's *pro se* status.  *Id.*  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "*pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.; see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III. DISCUSSION

As relief for the alleged violations of his rights, Brunson seeks a declaratory judgment and an injunction staying the actions of the state court in his landlord-tenant case. (*See* Compl. ¶¶ 89, 92). The Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)). "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions,'" which are to be construed narrowly.[6] *Id.* (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

Courts in the United States Court of Appeals for the Third Circuit (the "Third Circuit") have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321,

---

[6] Brunson's filing does not establish a plausible basis for concluding that any of the exceptions apply here.

2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). To the extent that Brunson seeks to enjoin an ongoing state-court eviction or ejectment action, his claims are barred by the Anti-Injunction Act. Because the Court cannot grant Brunson's requested injunctive relief, his case must be dismissed.

In any event, Brunson has not articulated any basis for a due process claim. "Fundamentally, procedural due process requires notice and an opportunity to be heard" in a meaningful time and manner. *Mancini v. Northampton Cnty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). As noted above, Brunson received process in the state courts by being able to (repeatedly) raise his jurisdictional and other arguments and to utilize the appellate process. Further, as also noted above, Brunson's arguments are based on

6

mischaracterizations of the state court records.  In sum, the Court cannot discern any plausible basis for a due process claim.

IV.     **CONCLUSION**

For the reasons set forth, Brunson's Complaint is dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and his Emergency Motions are denied.[7]  Leave to amend will not be given, as amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows dismissing this case.

*NITZA I. QUIÑONES ALEJANDRO, J*

---

[7] Brunson's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) seeks the same relief as the Complaint.  Because his Complaint is dismissed on statutory screening, he cannot demonstrate a likelihood of success on the merits that would entitle him to preliminary injunctive relief.  *See Young v. Casten*, No. 25-14857, 2025 WL 2522593, at *7 (D.N.J. Sept. 2, 2025) ("Because the Complaint has been dismissed with prejudice *in toto*, and Plaintiff's two *ex parte* Emergency Motions seek the same relief as that in the Complaint, Plaintiff cannot demonstrate 'a reasonable probability of eventual success in the litigation' that would warrant granting emergent, *ex parte* relief.").  Because the Complaint will be dismissed with prejudice, Brunson's Emergency Motion for Appointment of Counsel (ECF No. 7) will be denied as moot.